U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

MAY 1 2 2014

TONY R. MOORE, CLERK
BY_____
              DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **DORETHEA WALKER-COLE** | **CIVIL ACTION NO: 13-0781** |
| **VERSUS** | **JUDGE DONALD E. WALTER** |
| **PERSONAL LOAN SERVICE OF MONROE, LLC** | **MAGISTRATE JUDGE KIRK** |

## MEMORANDUM RULING

Before the Court is a Motion for Partial Summary Judgment pursuant to Federal Rule of Civil Procedure 56 filed by Defendant Personal Loan Service of Monroe, LLC ("Personal Loan"). [Doc. 16]. Having reviewed the motion, the submissions of the parties, and the applicable law, Personal Loan's motion for partial summary judgment is hereby **GRANTED**.

## I. BACKGROUND

This case arises from Plaintiff Dorothea Walker-Cole's allegations of racial discrimination against her former employer. Walker-Cole, a black employee, started working for the Defendant in 2006 as a clerk.[1] Robert "Bud" Lucas was the area manager and Walker-Cole reported to Lucas. Lucas issued several disciplinary warnings to Walker-Cole between 2008 and 2011.[2] Nevertheless, Walker-Cole was promoted by Lucas to assistant manager in 2008 and later to office manager.[3] In April 2011, Walker-Cole alleges that she made a verbal complaint to her area assistant supervisor

---

[1] Doc. 16-2; Doc. 19-2, Exh. 2 (Walker-Cole Aff.).

[2] On November 28, 2008, Lucas issued a warning notice to Walker-Cole for insubordination. Doc. 16-3, Exh. 4 (Employee Warning Notice). On June 28, 2010, Lucas issued an employee warning notice to Walker-Cole for attendance. Doc. 16-3, Exh. 5 (Employee Warning Notice). Walker-Cole argues that she only received one notice.

[3] Doc. 1 (Complaint); Doc. 19 at p. 4.

1

because her supervisor had "not hired any black people in over two years and stated that there would never be a black manager in Monroe again."[4] In October 2011, Walker-Cole sent a written complaint about Lucas to the store owner.

Most of the events central to this dispute have their origination in the October 2011 to January 2012 time frame. In October 2011, Lisa Miller replaced Lucas as the area manager.[5] Walker-Cole asserts that shortly after Miller assumed the area manager position, Walker-Cole requested a pay increase which was denied. On December 5, 2011, Miller imposed discipline on Walker-Cole for insubordination.[6] In the violation write-up, Miller notes that Walker-Cole was asked to call and apologize to a customer, but became argumentative after Miller's request. The violation resulted in a warning that future incidents could lead to a three day suspension without pay or possible termination. On December 30, 2011, Walker-Cole was disciplined by Miller for the violation of workplace safety rules.[7] In the violation write-up, Miller notes that Walker-Cole failed to check the accuracy of her check book which resulted in a discrepancy in the records. This violation resulted in a warning that future incidents could lead to a six month probation period for Walker-Cole. On both December violation write-ups Walker-Cole marked that she agreed with Miller's statements and Walker-Cole also signed and dated the agreements. During her deposition, Walker-Cole agrees that the disciplinary action taken by Miller was appropriate.[8]

---

[4] Doc. 1 (Complaint).

[5] Doc. 16-2; Doc. 26.

[6] Doc. 16-3, Exh. 7 (Violation write-up). *See also* Doc. 16-4 at pp. 113 (Lisa Miller Depo.) (detailing the event).

[7] Doc. 16-3, Exh. 8 (Violation write-up).

[8] Doc. 16-3, Exh. 1 at pp. 60-61 (Walker-Cole Depo.).

In January 2012, three co-workers orally complained about Walker-Cole to Miller. After listening to the complaints, Miller requested that the three employees write out their complaints. The written complaints are in the record and show consistent statements from multiple employees, who stated that Walker-Cole engaged in excessive personal phone calls and was a generally toxic presence at the office.[9] On January 30, 2012, Walker-Cole was terminated by Miller for making excessive personal phone calls during office hours, harassing other employees, and gossiping.[10]

Thereafter, Walker-Cole filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that, pursuant to Title VII of the Civil Rights Act of 1964, she was unlawfully terminated on the basis of race.[11] In the EEOC charge, Walker-Cole alleges racial discrimination based on her termination and pay, but she did not specifically assert retaliation for opposing an unlawful employment practice. Walker-Cole did submit a handwritten addition to the EEOC charge. On March 6, 2013, Walker-Cole commenced this action against Personal Loan. In her Complaint, Walker-Cole appears to assert three claims: (1) discharge because of race; (2) retaliation for complaining to management about racial discrimination; and (3) racial discrimination based on unequal pay. This action was originally filed in the 4th Judicial District Court, Parish of Ouachita but was removed to this Court on April 15, 2013.[12]

The instant motion for partial summary judgment was filed on January 27, 2014. The motion seeks to dismiss two of Walker-Cole's claims: discharge because of race and retaliation. Walker-

---

[9] Doc. 16-6 (Employee handwritten complaints).

[10] Doc. 16-12; Doc. 16-3 (Separation Notice). *See also* Doc. 16-4 at pp. 123-34 (Lisa Miller Depo.) (detailing the events leading up to the termination and discussing the post-termination).

[11] Doc. 19-6, Exh. 6 (EEOC charge).

[12] Doc. 1.

Cole opposes the motion.

## II. LAW AND ANALYSIS

### A. Standard of Law

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Quality Infusion Care, Inc. v. Health Care Serv. Corp.*, 628 F.3d 725, 728 (5th Cir.2010). "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir.2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir.2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir.2005). The Fifth Circuit has cautioned that "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy" the nonmovant's burden in a motion for summary judgment. *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir.2002).

### B. Racial Discrimination and Termination

Plaintiff alleges that she was terminated because of her race. It is "unlawful employment practice for an employer to discharge any individual, or otherwise to discriminate against any individual with respect to his or her terms, or privileges of employment, because of such individual's

race[.]" 42 U.S.C. § 2000e–2(a)(1). To prevail on her discrimination claim, Walker-Cole must present direct or circumstantial evidence that her race was a motivating factor for defendants' adverse employment action. *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 652 (5th Cir.2004).

If the plaintiff does not provide any direct evidence of discrimination based on her race– as is the case here– the Court must proceed under the *McDonnell Douglas* burden-shifting framework.[13] *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Under this framework, the plaintiff is required to establish a prima facie case with the following elements: (1) She was within the protected class; (2) She was qualified for the position at issue; (3) Her employment status was adversely affected; (4) She was replaced by someone outside the protected group, or other similarly situated employees outside the protected class were treated more favorably.

Once the plaintiff establishes a prima facie case, the burden of production shifts to the employer to proffer a legitimate non-discriminatory reason for its decision. *Laxton v. Gap, Inc.*, 333 F.3d 572, 578 (5th Cir.2003). If the defendant offers such a reason, the burden shifts back to the plaintiff to show that either (1) the defendant's alleged justification was pretext for discrimination, or (2) that the defendant's reason, although true, is only one of the reasons for its conduct and that another motivating factor was the plaintiff's protected characteristic. *Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir.2007).

The first step of the framework is not at issue in this case because the circumstances of Plaintiff's discharge seem to establish a prima facie cases of race discrimination. The next issue is whether Personal Loan presented a legitimate non-discriminatory reason for discharging Walker-

---

[13] "Direct evidence is evidence which if believed, proves the facts without inference or presumption." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 992 (5th Cir.2005). Walker-Cole does not offer direct evidence.

Cole. This Court finds that Personal Loan has articulated legitimate reasons for terminating Walker-Cole's employment. To satisfy its burden, Personal Loan has stated that the legitimate, non-discriminatory reasons for terminating her were her harassment of co-workers, excessive personal phone calls, and gossiping. Walker-Cole argues that these reasons are false.[14] She contends, therefore, that these proffered reasons are merely a pretext, hiding the fact that she was fired because of her race. Walker-Cole's argument fails to demonstrate a discriminatory motive as courts are not concerned with whether or not the employer's decision was in error; but rather courts must determine if the decision was motivated by discriminatory intent. *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1091 (5th Cir. 1995); *see also Bodenheimer v. PPG Industries, Inc.*, 5 F.3d 955, 958 (5th Cir.1993) ("The employer need only articulate a lawful reason, regardless of what its persuasiveness may or may not be."). In the case at hand, the decision to discharge Walker-Cole was based *solely* on her prior discipline issues coupled with the aforementioned complaints. In an affidavit, Miller sums up her reasons for firing Walker-Cole as follows: "I have not overseen anyone whose record is even remotely close to that of Walker-Cole, i.e., someone who was insubordinate, violated rules, as well as who spent an excessive amount of time on the phone, harassed others and gossiped."[15]

Finally, summary judgment is appropriate because Walker-Cole has not shown that Personal Loan's claimed reason for discharging Walker-Cole was merely pretextual or whether discriminatory animus was a motivating factor in Personal Loan's decision. Walker-Cole carries the burden of creating an issue of material fact and "unsubstantiated assertions, improbable inferences, and

---

[14] Doct 19 at p. 5 (arguing that "the content of the statements are irrelevant and not the real reason for the discharge.").

[15] Doc. 16-6, Exh. 4 at p. 2 (Lisa Miller Aff.).

unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Hous., Tex.*, 337 F.3d 539, 541 (5th Cir.2003). Walker-Cole's race discrimination discharge claim fails for several reasons. First, there is no evidence suggesting that Miller, or anyone else for that matter, possessed race-related discriminatory animus towards Walker-Cole. The decision to terminate Walker-Cole was based on the generally consistent statements of multiple employees, who stated that Walker-Cole engaged in misconduct and was a highly toxic force at the workplace. *See Evans v. City of Houston*, 246 F.3d 344, 355 (5th Cir.2001) (stating that employee's claim cannot survive summary judgment "merely because she disagrees with [her employer's] characterization of her disciplinary history" (citation and internal quotation marks omitted)). Walker-Cole argues that the employees were coerced to provide statements against her but she offers no evidence in support of these broad and unsubstantiated allegations. Moreover, Walker-Cole was disciplined on two separate occasions in December 2011– the month immediately before the time she was fired– for insubordination and then for a violation of workplace safety rules. The first December violation resulted in warning that recurring incidents could lead to a three day suspension without pay or possible termination. Walker-Cole's second December violation resulted in a warning that recurring incidents could lead to a six month probation. Importantly, Walker-Cole marked on both write-ups that she agreed with Miller's statements and she also signed and dated the agreements; Walker-Cole confirmed her agreement on both violations during her deposition. At a minimum, Walker-Cole was already on thin ice and her co-worker's complaints to Miller appear to be the proverbial straws that broke the camel's back; no evidence indicates that race played any role in the ultimate decision to terminate her.

      Walker-Cole has not presented evidence that would permit a reasonable trier of fact to find

that Personal Loan's legitimate, nondiscriminatory reason is pretextual for many of the same reasons already discussed. Walker-Cole must present sufficient evidence to find that the Personal Loan's asserted justification is false. *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 903 (5th Cir.2000). Such evidence of pretext must be more than merely subjective and speculative. *See Nichols v. Loral Vought Sys. Corp* ., 81 F.3d 38, 42 (5th Cir.1996). Walker-Cole avers that pretext can be shown because she was replaced by a white man and that Miller treated other white employees differently by allowing them to leave the office and go on store runs.[16] At the end of the day, Walker-Cole's arguments are unavailing. Virtually all of Walker-Cole's allegations of racial discrimination are subjective and speculative.

Once again, Walker-Cole does not demonstrate that Personal Loan's decision establishes pretext nor does she raise any reasonable inference of race-based discrimination. Indeed, Walker-Cole has not presented any competent evidence to corroborate her subjective belief that Personal Loan's asserted justification is false. Walker-Cole's subjective opinions do not support an inference of discrimination and are unavailing as summary judgment review. *Bauer v. Albemarle Corp.*, 169 F.3d 962, 967 (5th Cir. 1999) (noting that the Fifth Circuit "has consistently held that an employee's 'subjective belief of discrimination' alone is not sufficient to warrant judicial relief."). This Court is also persuaded by Personal Loan's arguments listed in its reply memo.[17] Even viewing the evidence in the light most favorable to Walker-Cole and drawing all reasonable inferences in her favor, there is abundant and uncontroverted evidence that no racial discrimination occurred.

---

[16] Doc. 16-2. *See also* 19-1 (noting that "Plaintiff admits that one of the reasons she perceived she was being treated less favorably was because other Caucasian employees were allowed to do things she wasn't allowed to.").

[17] Doc. 34 (noting that Walker-Cole never complained about Miller in any capacity and noting the insurmountable gaps found in Walker-Cole's overall claims).

8

Moreover, even under a mixed motive analysis, where the court assumes that Personal Loan's discriminatory animus played some role in the adverse employment action, there is no issue of material fact. There is no question that Personal Loan carried its burden of showing that it still would have terminated Walker-Cole for legitimate reasons given her weighty record of misconduct, much of which Plaintiff does not even deny. *Smith v. Xerox Corp.*, 602 F.3d 320, 327 (5th Cir.2010); *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312–14 (5th Cir.2004). Accordingly, Walker-Cole has failed to establish a material issue of fact with respect to her claim of race discrimination based on her discharge.

### C. Retaliation Claim

#### 1. Walker-Cole Did Not Exhaust Administrative Remedies

Walker-Cole alleges that her discharge was a retaliatory action that took place because of her complaints regarding racism in the workplace. Walker-Cole must "exhaust [her] administrative remedies before bringing suit under Title VII." *Price v. Choctaw Glove & Safety Co.*, 459 F.3d 595, 598 (5th Cir.2006). An employee may file a lawsuit "not only upon the specific complaints made by the employee's initial EEOC charge, but also upon any kind of discrimination like or related to the charge's allegations, limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination." *Fellows v. Universal Rests., Inc.*, 701 F.2d 447, 451 (5th Cir.1983).

Walker-Cole failed to include a specific retaliation claim on her EEOC intake sheet and consequently did not exhaust her administrative remedies on that claim. It is not disputed that Walker-Cole did not mark "Retaliation" on her EEOC sheet. Although Walker-Cole argues that she fulfilled the requirements by including a handwritten amendment that was later attached, the details

9

listed on her complaint concern only her allegations of racial discrimination relative to her discharge. This is also confirmed by the email she received from the EEOC investigator in the record.[18] Thus, Walker-Cole's subsequent claim regarding retaliation falls outside the scope of the EEOC investigation and could not reasonably be expected to grow out of her initial charge of racial discrimination. *Hague v. Univ. of Texas Health Sci. Ctr. at San Antonio*, 13-50102, 2014 WL 1257944 (5th Cir. Mar. 28, 2014) (unpubl.).

### 2. Retaliation Claim Fails on the Merits

Even if Walker-Cole had exhausted her administrative remedies or if we found that her retaliation claim did reasonably grow out of her initial racial discrimination charge, her retaliation claim still fails on the merits. For a retaliation claim, a plaintiff must prove: (1) that she engaged in a protected activity; (2) an adverse action was taken against her; and (3) there was a causal link between the protected activity and the adverse action. *McCoy v. City of Shreveport*, 492 F.3d 551, 556–557 (5th Cir.2007). Summary judgment is appropriate when the plaintiff cannot establish all three elements. *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 331 (5th Cir.2009). In this case, Walker-Cole has not even remotely shown a causal connection between the purported protected activity and the adverse employment action as discussed earlier.

Even if the court assumes that Walker-Cole can establish a prima facie case, her retaliation claim still fails. The U.S. Supreme Court has held that Title VII retaliation claims must be proved according to traditional principles of but-for causation: this requires proof that the unlawful

---

[18] Doc. 16-3. Exh. 13 and 14 (EEOC emails). In an email on November 3, 2012, an EEOC investigator wrote to Walker-Cole to address the investigation. The email clearly shows that the investigation did not include the retaliation claim that Walker-Cole alleges in this case. We also note that the EEOC investigator included the following line in her email to Walker-Cole: "If you have additional evidence to submit in support of your charge of employment discrimination, please provide it" by November 2012. *Id.* at Exh. 13. There is nothing in the record indicating that Walker-Cole sent the EEOC additional information.

retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer. *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517 (2013). In order to avoid summary judgment, the plaintiff must show "a conflict in substantial evidence" on the question of whether the employer would not have taken the action "but for" the protected activity. *Long v. Eastfield Coll.*, 88 F.3d 300, 308 (5th Cir.1996) (internal quotation marks omitted). Walker-Cole does not demonstrate that the decision to terminate her establishes retaliatory discrimination nor does she raise any reasonable inference of retaliatory-based discrimination. Again, the record strongly supports the conclusion that Walker-Cole was *only* fired because of her misconduct.

### III. CONCLUSION

Having reviewed the motion, the submissions of the parties, and the applicable law, Personal Loan's motion for partial summary judgment [Doc. 16] is hereby **GRANTED**. The only remaining claim that Walker-Cole has is the racial discrimination based on pay disparity.

**THUS DONE AND SIGNED**, Shreveport, Louisiana,  this the 1 2 day of May, 2014.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

11